UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRITTANY BLALOCK,
Defendant.

Criminal No. 26-cr-0019-01 (CKK)

## MEMORANDUM OPINION AND ORDER
(July 14, 2026)

On March 4, 2026, Defendant Brittany Blalock ("Defendant") entered a plea to one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1349. Defendant's sentencing is set for July 15, 2026. In connection therewith, the Probation Office ("Probation") has filed its [12] final Presentence Report ("PSR"), and memoranda in aid of sentencing have been filed by both the Government and Defendant. *See* ECF Nos. 14, 15. Pending before this Court is an objection by the parties to the Defendant's Total Offense Level, as calculated by Probation.

In this case, Probation calculated Defendant's Total Offense Level as 13, which, with a Criminal History category of II, results in a Guideline range of 15-21 months.[1] The parties' sentencing memoranda indicate that they disagree with this calculation and Defendant's resulting guideline range. *See* Govt. Sent. Mem., ECF No. 14, at 5 (explaining the objections); *see also* Def.'s Sent. Mem., ECF No. 15, at 1-2 (agreeing with the Government's position). First, the Government asserts that, with respect to an enhancement for the loss amount, the Government is seeking +4 under U.S.S.G. § 2B1.1(b)(1)(C), not +6 under subsection D. Govt. Sent. Mem., ECF No. 14, at 5. Second, the Government contends that there are no facts set forth in the plea

---

[1] The Probation Office has, however, recommended a variance.

agreement that the 2-level enhancement under § 2B1.1(b)(12) should apply.  *Id.*  Consequently, the Government calculates Defendant's Total Offense Level as 9, with a Guidelines range of 6 to 12 months in Zone B.  *Id.*

The Government proffered these two objections after Probation drafted the PSR, but before it was finalized, and accordingly, Probation responded to both objections in its final PSR.  The Court agrees with the Probation Office's response to both objections and declines to uphold the Government's objections.   Beginning with the first objection, the Government contends that the parties agreed on a loss amount of less than $40,000, for purposes of the plea, and accordingly, that +4 levels applies rather than +6.   In response thereto, Probation points to Section 4(E) of the plea agreement whereby the parties agree that the estimated guidelines calculation therein is "not binding on the Probation Office or the Court."  PSR, ECF No. 12, at 26; *see* Plea Agreement, ECF No. 8, at 4 (discussing the "Estimated Guidelines Range").  Furthermore, Probation notes that it is not limited to the recommendations of the parties when calculating the guidelines, but instead, Probation conducts an independent assessment which considers all relevant conduct.  PSR, ECF No. 12, at 26.   Moreover, in this case, Probation asserts, and this Court agrees, that Defendant's conviction is for "a conspiracy and accordingly, [she] is accountable for a total loss of $83,332 from the four total PPP [Paycheck Protection Program] loan applications."  *Id.*   Accordingly, considering Probation's response, and the record in this case, the Government's objection to a loss amount of over $40,000, but less than $95,000, which results in +6 points (rather than +4) is denied.

Second, the Government argues generally that "the agreed-upon Statement of Offense does not include facts supporting" a two-level enhancement for an offense involving conduct described in 18 U.S.C. § 1040.  Govt. Resp. to Draft PSR, ECF No. 11.  As noted by Probation, the plain

language of that section provides for imposition of a fine or term of imprisonment under that title

for a person who

> makes a materially false, fictitious or fraudulent statement or representation or makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or representation, in any matter involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with a major disaster declaration under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act . . . or an emergency declaration under section 501 of the Act . . .

18 U.S.C. § 1040 (a)(2).

Probation explains also that "[a]ccording to the 'Stafford Act Declarations for COVID-19 FAQ' . . ., US President Donald Trump declared an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act in response to COVID-19, authorizing FEMA assistance." PSR, ECF No. 12, at 27. Because Defendant was "part of a conspiracy to submit PPP loan applications – loans given to small businesses by the SBA as part of a COVID pandemic relief program – knowing that she did not qualify for such loan," Probation contends that this enhancement is applicable. *Id.*; *see also United States v. Chen*, 24-cr-50 (D.D.C. 2024) and *United States v. Grigsby and Kuawogai*, 24-cr-186 (D.D.C. 2024) (applying this enhancement in similar PPP cases). This Court agrees with the Probation Office and consequently denies the Government's objection to the imposition of the two-level enhancement. Accordingly, it is this 14th day of July, 2026,

ORDERED that the parties' objections to the Probation Office's calculation of Defendant's Total Offense Level are denied.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE